## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOHN ROY EDWARDS,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:12-CV-666-Y** |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| **Respondent.** | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for

the Northern District of Texas.  The Findings, Conclusions, and Recommendation of the United

States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner John Roy Edwards, TDCJ # 1592528, is in custody of the Texas Department of

Criminal Justice, Correctional Institutions Division, in Huntsville, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice,

Correctional Institutions Division.

## C. FACTUAL AND PROCEDURAL HISTORY

On August 13, 2009, petitioner pleaded guilty to one count of aggravated sexual assault of a child and one count of indecency with a child to a jury in the 355th Judicial Criminal District Court of Hood County, Texas, and the jury assessed his punishment at thirty-six years' and twenty years' imprisonment for the offenses, respectively. (01State Habeas R. at 31, 35[1]) Petitioner filed a notice of appeal in the Second District Court of Appeals of Texas but later moved to voluntarily dismiss the appeal. (*Id.* at 41) On September 17, 2009, the appellate court dismissed the appeal pursuant to petitioner's motion. Petitioner did not seek further direct review. (Pet. 3)

Petitioner filed two state habeas applications for relief from the convictions. On December 2, 2010, petitioner filed the first state application, which was denied without written order on June 8, 2011, by the Texas Court of Criminal Appeals on the findings of the trial court. (01State Habeas R. at 3; 01State Habeas Supp. R. at cover) On February 9, 2011, petitioner filed the second application, which was denied without written order on November 2, 2011, by the Texas Court of Criminal Appeals on the findings of the trial court. (02State Habeas R. at 3; 02State Habeas Supp. R. at cover) This federal petition for writ of habeas corpus is deemed filed on September 18, 2012.[2] As directed, respondent has filed a preliminary response addressing only the issue of limitations.

---

[1]"01State Habeas R." refers to the state court record in petitioner's state habeas application no. WR-75,213-01; "02State Habeas R." refers to the state court record in his state habeas application no. WR-75,213-02.

[2]A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

## D. ISSUES

Petitioner raises two grounds for relief, alleging ineffective assistance of counsel and an equal protection violation. (Pet. at 6)

## E. STATUTE OF LIMITATIONS

Respondent moves to dismiss the petition as time-barred. (Resp't Response 3-5) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

3

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgments of conviction became final by the expiration of the time for seeking direct review or the expiration of the time for seeking such review.[3] For purposes of this provision, the judgments became final at the expiration of the time petitioner had for filing a petition for discretionary review in the Texas Court of Criminal Appeals on October 19, 2009.[4] *See* Tex. R. App. P. 68.2(a); *Mark v. Thaler*, 646 F.3d 191, 193 (5th Cir. 2011). Thus, the one-year limitations period began on October 20, 2009, and closed one year later on October 19, 2010, absent any tolling.

Petitioner's state habeas applications, filed on December 2, 2010, and February 9, 2011, after limitations had already expired, did not operate to toll the federal limitations period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has petitioner alleged or demonstrated that he is entitled to equitable tolling, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010).

Petitioner's federal petition was due on or before October 19, 2010; thus, his petition filed on September 18, 2012, was filed beyond the limitations period and is, therefore, untimely.

---

[3]Petitioner did not respond to respondent's preliminary response or otherwise allege that the state imposed an unconstitutional impediment to the filing of his petition, that the Supreme Court has announced a new rule(s) applicable to his claims, or that the factual predicate of his claims could not have been discovered sooner through the exercise of due diligence. Therefore, the statutory exceptions embodied in § 2244(d)(1)(B)-(D) do not apply.

[4]Thirty days after the appellate court dismissed petitioner's appeal was October 17, 2009, a Saturday; thus, petitioner had until Monday, October 19, 2009, within which to file a petition for discretionary review.

## II. RECOMMENDATION

Respondent's motion to dismiss the petition for writ of habeas corpus should be granted and the petition dismissed with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December _20_, 2012. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until December _20_, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing

5

party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November ___29___, 2012.


JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

6